

**ORDERED in the Southern District of Florida on November 16, 2020.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

In re:                                                                  Case No. 20-17423-PDR

FIELD OF FLOWERS, INC.,                               Chapter 11

      Debtor.
_____/

**ORDER CONFIRMING THE DEBTOR'S
<u>SUBCHAPTER V PLAN FOR REORGANIZATION</u>**

This matter came before the Court on October 29, 2020 at 10:00 am, to consider confirmation of the First Amended Plan (the "Plan") (ECF. No.[72]) filed on September 17, 2020 by the Debtor, Field of Flowers, Inc. (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the confirmation affidavit of Donn F. Flipse (ECF No. [116]), (ii) the certificate of proponent of plan, as amended (ECF No.[117]), (iii) the testimony of Donn F. Flipse proffered by the debtor. The Court,

having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to the Plan have been filed, after notice and a hearing, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. [73]) (the "Confirmation Hearing Order") were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. Present at the hearing were Maria Yip, Subchapter V Trustee, Scott Simon, Counsel for Transamerican Land Corp., Adisley

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

M. Cortez Rodriguez, on behalf of U.S. Trustee, Thomas L. Abrams as counsel for the Debtor, Donn F. Flipse as President of Field of Flowers, Inc. No parties timely objected to confirmation of the Plan.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 7 of the Plan provides adequate means for the Plan's implementation. The Debtor confirmed that sufficient funds were deposited into its attorneys trust account to

make all payments required under the Plan on the Effective Date. All future Plan payments shall be made by the Debtor from revenue it receives from its sale of flowers/plants, delivery services and special events or related revenue. The Debtor's projections provide that sufficient funds will exist to make all Plan payments.

J. **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. This provision is not applicable as all Equity holders have voting rights as existed pre-petition.

K. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 6 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption of any executory contract or unexpired lease of the Debtor not previously rejected under such section. The Debtor's non-residential real property lease with Transamerican Land Corp.(Davie location) was assumed pursuant to Court Order (ECF [79]), pursuant to a Lease Addendum and all such provisions shall control. The Debtor's non-residential real property lease with Glades-Pikes Investors, LLC (Boca Raton location) was assumed by Court Order (ECF [78]), pursuant to a Lease Addendum and all such provisions shall control.

M. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code. The Plan provides that the PPP loan owed by the Debtor to JP Morgan Chase Bank, N.A. in the amount of $551,839.56 (Claim 25) is treated as a Class 4 unsecured claim and all payments due under the Plan on such claim will be escrowed pending a determination of forgiveness of such loan under the PPP Loan Program. The claim shall be reduced to the extent forgiven and any escrowed funds relating to such forgiven amount shall be disbursed to all Class 4 creditors pro rata and the pro rata amount disbursed to such Class 4 creditors shall be adjusted accordingly. JP Morgan Chase Bank, N.A. shall receive a pro rata disbursement to the extent of the portion of the PPP Loan not forgiven ,if any.

N. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan

provides for the payment to creditors of all or such portions of the future earnings or other future income of the Debtor as is necessary for the execution of the Plan.

    Q.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a).  With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

    1.    **11 U.S.C. § 1129(a)(1) and (a)(2)**.  The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

    2.    **11 U.S.C. § 1129(a)(3)**.  The Plan was proposed in good faith and not by any means forbidden by law.

    3.    **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

    4.    **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

7. **11 U.S.C. § 1129(a)(9)**. The Plan provides that the Florida Department of Revenue claim for tangible personal property taxes in the amount of $1,466.49, and the 507(a)(4) claim of Ally Thompson in the amount of $13,650.00 will be paid on the Effective Date. The Florida Department of Revenue Claim in the amount of $36,811.00 shall be paid in 36 monthly installments of $1,022.25 as provided under the Plan.

8. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider. This Court allowed the late filed ballot of class 4 claimant Choice Farms, Corp which accepted the Plan(ECF [119]); class 5 ballot of Penang Nursery, Inc. (ECF [121]) which accepted the Plan and Amended Class 5 ballot

of Donn F. Flipse which accepted the Plan. No party objected to the ore tenus request by the Debtor.

       9.    **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

       10.    **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

       11.    **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

       1.    **Confirmation**. The plan is confirmed under 11 U.S.C. § 1191(a).

       2.    **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the debtor.

       3.    **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in

§§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

6. **Disbursing Agent**. Gamberg and Abrams is named as Disbursing Agent as to the initial disbursement on the Effective Date and thereafter the Debtor shall make all payments to holders of allowed claims as required by the Plan.

7. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

8. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**. Pursuant to the Plan, all executory contracts and unexpired leases of the Debtor are assumed as of the Effective Date. The Orders dated September 30, 2020 (ECF. No. [78]) as to Glades-Pike Investors, LTD and Transamerican Land Corp. (ECF No. [79]) shall control the rights and obligations of the parties. Notwithstanding any provision to the contrary in the Plan or this order, the rights of the Debtor and such Landlord's are as set forth in the Leases as amended in accordance with the applicable Court Orders [DE 78 and 79] respectively.

10. **Service of Confirmation Order**. Thomas L. Abrams of Gamberg & Abrams is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

11. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12. **Discharge of the Subchapter V Trustee**. Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

13. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

    a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

    b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c.    Adjudicate objections to claims;

    d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e.    Adjudicate modifications of the plan under 11 U.S.C. § 1193;

   f. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

   g. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

### #

Submitted by:

**Submitted by:**
Thomas L. Abrams, Esq.
Gamberg & Abrams
Attorneys to Debtor-in-Possession
633 S. Andrews Avenue, #500
Ft. Lauderdale, Florida 33301
Telephone: (954) 523-0900
Facsimile: (954)915-9016
Email: tabrams@tabramslaw.com

**Copies furnished to:**
Thomas L. Abrams, Esq., must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 2002-1(F).